IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MISTY ANGELL,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cr-23-CW<br><br>District Judge Clark Waddoups |

**Introduction**

Before the court is Defendant Misty Angell's Motion for Separate Trial, in which Defendant argues that the counts against her were improperly joined in the indictment or, alternatively, that the two counts should be severed to avoid prejudice to her defense. (Dkt. No. 34.) The motion was filed on March 30, 2017 and discussed during a status conference on the same day. (Dkt. Nos. 34 & 35.) The government requested an opportunity to respond and filed its response on April 7, 2017. (Dkt. No. 41.) After careful consideration of the briefing and oral argument, the court now DENIES Defendant's motion.

**Background**

Defendant was charged by a two count indictment on January 11, 2017. (Dkt. No. 14.) The indictment accuses her of mail theft and simple possession of methamphetamine. The government alleges the following facts supporting the relationship between the two counts. (Dkt. No. 41.) Approximately five grams of methamphetamine were found in Defendant's possession during prebooking for her arrest for mail theft. That arrest occurred seven days after Defendant

was observed stealing mail from mailboxes in Magna, Utah. And Defendant was not employed at the time of the charged conduct. The government further represented to the court during the status conference on the day Defendant filed the motion to sever that the arresting officer would testify regarding both counts. Defendant has not at this time presented a contrary factual account.

**Analysis**

Federal Rule of Criminal Procedure 8(a) permits joinder of multiple charges against a defendant in the same indictment. Such joinder is proper "if the offenses charged . . . are of the same or similar character, or are based on the same transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Tenth Circuit Court of Appeals has instructed that Rule 8(a) is "construe[d] broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997). But even where such joinder is proper, the court has discretion to sever counts if such joinder would prejudice either the defense or the prosecution. *See id.* R. 14(a); *United States v. Valentine*, 706 F.2d 282, 289 (10th Cir. 1983).

First, joinder is proper here because the facts as alleged demonstrate that the charges are based on the same act or transaction and are connected as a part of a common plan. Defendant argues for misjoinder, claiming that the charged conduct in this case is not "connected in any way." Her argument focuses on the dissimilarity between drug possession and theft and the lack of overlapping evidence between the two counts. (Dkt. No. 34.) But the charged offenses were separated by a mere seven days—a substantially shorter period than in the case Defendant relies upon to argue that time between criminal acts can justify misjoinder, *see United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002) (concluding joinder was improper where a gun was purchased

2

two years prior to possession of cocaine and the indictment included no evidence or allegation that the two offenses connected), and a shorter time than in many cases in which courts have held joinder was proper, *see, e.g.*, *United States v. Bagby*, 696 F.3d 1074, 1086 (10th Cir. 2012) (concluding it was not plain error not to sever counts of drug possession and ammunition possession when the ammunition and drugs were found three months apart in different locations); *United States v. Holland*, 10 F.3d 696, 697, 699 (10th Cir. 1993) (affirming joinder when gun and drug possession were separated by three months). And while theft and drug use are not the same conduct, there is a logical inference that Defendant committed the theft to facilitate drug use, especially because Defendant had no income. *See Bagby*, 696 F.3d 1074, 1086 (10th Cir. 2012) (stating that the Tenth Circuit does not require "contemporaneous or near-contemporaneous" offense when there is a circumstantial relationship between the offenses); *see also U.S. v. Garrison*, No. 14-cr-231, 2016 WL 8416756, at *2 (D. Colo. Sept. 2, 2016) (concluding joinder was appropriate where the government represented that it would establish during trial that the defendant subsidized his prostitution activities with funds from his drug trade). Thus, the court rejects Defendant's claim that joinder was improper.

Second, Defendant will not be so prejudiced as to require severance. Severance is necessary when a defendant's "right to a fair trial is threatened or actually deprived." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997); *see also United States v. Olsen*, 519 F.3d 1096, 1102 (10th Cir. 2008) (stating that on appeal a defendant must demonstrate prejudice to a trial right for the court to reverse a district court's denial of severance). That is, severance is appropriate when there is a serious risk that joinder would "compromise a specific trial right" of the defendant or "prevent the jury from making a reliable judgment about guilty or innocence."

*Zafiro v. U.S.*, 506 U.S. 534, 539 (1993); *Valentine*, 706 F.2d at 290. But defendants are not prejudiced simply because severance would have given them a better chance of acquittal. *Valentine*, 706 F.2d at 290. And where the jury can be instructed to consider the charges separately, courts have presumed their ability to do so and have thus denied severance. *See Zafiro*, 506 U.S. at 540–41; *Olsen*, 519 F.3d at 1103.

There is not such a risk of prejudice to Defendant that severance is necessary. Defendant first argues that failure to sever would require a later trial date in violation of her rights under the Speedy Trial Act. Her motion to sever, however, tolls the Speedy Trial Act, and the currently scheduled trial date is within the Speedy Trial period. She then claims that introduction of evidence of the drugs in support of Count Two of the indictment "would severely impact Ms. Angell's ability to receive a fair trial on Count One." While evidence of one count may in theory influence juror thinking on the other count, that does not rise to the level of prejudice where the court can, and will in this case, issue a limiting instruction to the jury. In sum, severance is not necessary to avoid prejudice to the defense in this case.

Defendant's Motion for Separate Trial is hereby DENIED. (Dkt. No. 34) The two counts will be tried together according to the schedule set out in the final pretrial order.

DATED this 12th day of April, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge